COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-078-CR
 
 
GARY 
MICHAEL DINSMORE                                                    APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Gary 
Michael Dinsmore appeals from his conviction for indecency with a child by 
contact. In five issues, appellant complains that the trial court violated the 
principles of double jeopardy, collateral estoppel, and equity and abused its 
discretion by admitting extraneous offense evidence, that the evidence is 
legally and factually insufficient to support his conviction, and that the 
reporter’s record is incomplete. We will affirm.
        Initially, 
appellant was charged with two indecency by contact offenses involving two 
different child victims: A.D. (count one) and K.B. (count two).[2]  
Both counts alleged that appellant had touched the victims’ breasts. Before 
trial, appellant moved to dismiss count one of the indictment with prejudice, 
and the State did not oppose the motion. The trial court granted the motion and 
dismissed count one. Trial then proceeded on the second count involving K.B.
        During 
the guilt-innocence phase of trial, the trial court allowed A.D. to testify 
that, over a month before the incident involving K.B., A.D. had spent the night 
with appellant’s stepdaughter, K.S. According to A.D., while the girls were 
asleep in K.S.’s bed, appellant had lain down in the bed behind A.D, touched 
her hip, and rubbed it in a circular motion for several seconds. When A.D. had 
attempted to wake K.S., appellant had left.
        Appellant 
objected to this testimony based on relevance and Rule 404(b), but the trial 
court denied the objections. The court ruled that A.D.’s testimony was more 
probative than prejudicial and was admissible under Rule 404(b) because it was 
relevant to the issues of intent, preparation, and plan.[3]
        In 
his first and second issues, appellant contends that the trial court abused its 
discretion by admitting this evidence under Rule 404(b). Appellant also contends 
that the probative value of A.D.’s testimony was substantially outweighed by 
the danger of unfair prejudice because the testimony referenced facts 
encompassed in count one of the indictment and the defense was precluded from 
impeaching A.D. by informing the jury that count one had been dismissed with 
prejudice.
        A.D. 
and K.B. each testified that, on separate occasions while they were asleep when 
spending the night with K.S., appellant had gotten into the bed and touched 
their hips. K.B. testified that appellant first touched and rubbed her stomach 
and then moved his hand to her hip; A.D. testified that appellant touched and 
rubbed her hip. Thus, A.D.’s testimony tended to show that appellant acted 
intentionally and according to a plan when he committed the offense against K.B.
        Further, 
the probative value of A.D.’s testimony was not outweighed by the danger of 
unfair prejudice because the testimony did not reference facts encompassed in 
count one of the indictment. Count one alleged that appellant had touched 
A.D.’s breasts, but A.D. merely testified that appellant had touched and 
rubbed her hip. For both of these reasons, we hold that the trial court did not 
abuse its discretion by admitting A.D.’s testimony. See Montgomery v. 
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).[4]
        Appellant 
also asserts that the trial court improperly granted the State’s motion in 
limine and required defense counsel to approach the bench before asking K.B. 
whether she had ever lied to a police officer or school officer. Appellant 
contends that the questioning should have been allowed because K.B.’s mother 
testified that K.B. had never been in trouble, but K.B. actually had once gotten 
in trouble for marijuana possession. This type of evidence is not allowed by the 
evidentiary rules. See Tex. R. 
Evid. 609(d) (providing that evidence of juvenile adjudications is 
generally not admissible for impeachment purposes); see also Tex. R. Evid. 608(b), 609(a) (providing 
that specific instances of a witness’s conduct are not admissible to attack 
the witness’s credibility except for convictions involving felony offenses and 
crimes involving moral turpitude). Therefore, the trial court did not err by 
granting the State’s motion in limine. We overrule appellant’s first and 
second issues.
        In 
his third issue, appellant contends that the evidence is legally insufficient to 
support his conviction because there is no evidence that he touched K.B.’s 
breasts with the intent to arouse or gratify his sexual desire. See Tex. Penal Code Ann. § 21.11(a)(1), (c) 
(Vernon 2003).
        In 
indecency cases, intent may be inferred from the accused’s conduct and remarks 
as well as the circumstances surrounding his actions. McKenzie v. State, 
617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981); Turner v. State, 
600 S.W.2d 927, 929 (Tex. Crim. App. [Panel Op.] 1980). In this case, the record 
shows that appellant, who was wearing only underwear, entered the bedroom of his 
stepdaughter, K.S., during the early morning hours while she and K.B. were 
asleep. K.B. awoke when appellant kissed her on the neck and cheek. Appellant 
then rubbed K.B.’s stomach, put his hand on her hip, and tried to force his 
hand down her pajama bottoms. When that was unsuccessful, appellant put his hand 
inside K.B.’s bra and massaged her breasts for about six seconds, touching her 
nipple. Appellant eventually left after K.B. woke K.S. and K.S. told appellant 
to leave.
        This 
evidence is legally sufficient[5] to establish that 
appellant touched K.B.’s breasts with the intent to arouse and gratify his 
sexual desire. Accordingly, we overrule appellant’s third issue.
        In 
his fourth issue, appellant contends that the evidence is factually insufficient 
to support his conviction because K.B. admitted that she never told K.S. that 
appellant had touched her inappropriately and there are inconsistencies in the 
evidence concerning the following matters: the time K.B. called her mother the 
next day; whether appellant was beside K.B. or between the girls when the 
offense occurred; whether K.B. woke K.S. and said, “Your dad won’t get out 
of bed”; whether appellant was in his underwear; and whether K.B. ate 
breakfast the following morning.
        As 
a reviewing appellate court, we must defer to the jury's determination 
concerning what weight to give contradictory testimonial evidence—particularly 
those determinations concerning the weight and credibility of the 
evidence—unless the record clearly reveals that a different result is 
appropriate. Johnson v. State, 23 S.W.3d 1, 8-9 (Tex. Crim. App. 2000). 
No different result is warranted here; none of the alleged inconsistencies in 
the evidence pertains to the elements of the charged offense. In addition, 
K.B.’s outcry statement to her mother two days after the incident was 
consistent with her trial testimony.[6]  Further, 
A.D. testified that appellant had engaged in some of the same conduct when she 
spent the night with K.S.
        Appellant 
also argues that the evidence is not factually sufficient because the State did 
not rebut the defense’s alternative reasonable hypothesis for both K.B.’s 
and A.D.’s allegations: that the girls believed appellant was a convicted sex 
offender whose picture was at the post office. See Wilson v. State, 7 
S.W.3d 136, 141 (Tex. Crim. App. 1999) (holding that existence of an alternative 
reasonable hypothesis may be relevant to, but is not determinative of, a factual 
sufficiency review).
        Appellant’s 
wife Missy testified that K.S. had come home from school upset because other 
children had told her that appellant’s picture was in the post office as a 
registered sex offender and that he had just been released from prison after 
serving time for sexual crimes against children. Missy did not, however, testify 
that K.B. or A.D. were among the children who had made these statements. 
Further, Missy testified that the rumors at school started after K.B. 
made her outcry and appellant had to move out of the family residence, not 
before. Finally, K.B. testified that she had heard appellant had been to jail 
“for something,”[7] but denied having heard that 
appellant’s picture had been posted as a registered sex offender. Likewise, 
A.D. testified that she had never heard and had never told anyone that 
appellant’s picture had been posted as a sex offender.
        Considering 
all of the evidence in a neutral light, we hold that the jury could have 
reasonably rejected appellant’s alternative hypothesis and found that 
appellant committed the charged offense. Thus, applying the appropriate standard 
of review,[8] we hold that the evidence is factually 
sufficient to support appellant’s conviction. We overrule appellant’s fourth 
issue.[9]
        In 
his fifth issue, appellant complains that the reporter’s record is tainted or 
incomplete. Appellant asserts that he “believes” defense counsel 
“objected” to A.D.’s testimony before the beginning of trial and requested 
a running objection but that the record only reflects a “bench conference.” 
Appellant does not direct us to any place in the record that reflects the 
alleged bench conference or elaborate on the nature of the alleged objection. See 
Tex. R. App. P. 38.1(h) (providing 
that appellate brief must contain clear and concise argument for contentions 
made, with appropriate citations to record); Fierro v. State, 706 S.W.2d 
310, 317-18 (Tex. Crim. App. 1986) (holding that general objection was 
insufficient to apprise trial court of complaint urged and preserved nothing for 
appellate review), cert. denied, 521 U.S. 1122 (1997). Moreover, we have 
addressed some of appellant’s objections to A.D.’s testimony. Therefore, we 
overrule appellant’s fifth issue.
        Having 
overruled all of appellant’s issues, we affirm the trial court’s judgment.
 
  
                                                                  PER 
CURIAM
  
  
PANEL 
F:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 23, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The victims were identified in the indictment by pseudonyms.
3.  
See Tex. R. Evid. 403 
(providing that relevant evidence may be excluded if its probative value is 
substantially outweighed by the danger of unfair prejudice); Tex. R. Evid. 404(b) (providing that 
evidence of other crimes, wrongs, or acts is not admissible to prove an 
accused’s character but may be admissible for other purposes, such as proof of 
intent, preparation, or plan).
4.  
Appellant’s complaint that the trial court “erred in the manner in which it 
conducted” the Rule 403 balancing test is forfeited because appellant does not 
explain how the trial court’s balancing test was erroneous. See Tex. R. App. P. 38.1(h); Salazar v. 
State, 38 S.W.3d 141, 147 (Tex. Crim. App.), cert. denied, 534 U.S. 
855 (2001). Also forfeited are appellant’s complaints that the trial court’s 
admission of A.D.’s testimony violated double jeopardy, collateral estoppel, 
and equity principles and that the probative value of the testimony was 
substantially outweighed by the danger that it would confuse the jury. These 
complaints were not raised at trial. See Tex. R. App. P. 33.1(a)(1); see also 
Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (holding that 
objection stating one legal basis may not be used to support a different legal 
theory on appeal), cert. denied, 522 U.S. 827 (1997).
5.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross 
v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (both setting out legal 
sufficiency standard of review).
6.  
K.B.’s outcry was in a letter to her mother, a form of communication she used 
regularly to communicate things that were difficult for her to say.
7.  
Missy testified that appellant had been to prison for driving while intoxicated. 
Appellant has attached to his appellate brief a purported copy of the 
investigating officer’s written report of his interview with A.D., which 
states that A.D. said K.B. told her appellant had been to jail for molesting 
other children. Appellant does not direct us to any place in the record where 
this report was admitted into evidence, however, and we have not found the 
report in the record. Therefore, the report is not evidence, and we cannot 
consider it in our factual sufficiency review. See Zuniga v. State, 144 
S.W.3d 477, 481 (Tex. Crim. App. 2004) (stating that appellate court is to 
review all the evidence when conducting a factual sufficiency review).
8.  
See id. at 481, 484-85 (setting out factual sufficiency standard).
9.  
Inexplicably, appellant also complains that the trial court erred by refusing to 
charge the jury on self-defense. Because appellant does not direct us to any 
evidence that would warrant such a charge, we overrule this argument. See, 
e.g., Brown v. State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997) (stating 
that defendant is entitled to defensive instruction on every issue raised by the 
evidence); Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992) 
(holding complaint forfeited when appellant did not specify where in appellate 
record alleged error could be found), cert. denied, 507 U.S. 975 (1993).